IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| DIRECTV, INC., | § | |
| Plaintiff, | § § § | |
| v. | § § | Civil Action No. H-03-5438 |
| DAVID JOHNSON, et al. | § § | |
| Defendants. | § § | |

United States Courts
Southern District of Texas
ENTERED

SEP 2 3 2004

Michael N. Milby, Clerk of Court

## ORDER

Pending before the Court is Plaintiff DIRECTV, Inc.'s Rule 12(b)(6) Motion to Dismiss Defendant David Johnson's Counterclaim for Abuse of Process (Document No. 26). Having considered the motion, submissions, and applicable law, the Court determines the motion should be granted.

## BACKGROUND

In the captioned matter, DIRECTV asserts a number of claims against David Johnson ("Johnson") and other individuals alleging they possessed and used illegal devices designed to intercept and decrypt DIRECTV's protected satellite communications. DIRECTV seeks damages and injunctive relief against the Defendants. In response, Johnson asserts a counterclaim against DIRECTV for abuse of process. Pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, DIRECTV asks the Court to dismiss Johnson's counterclaim for abuse of process.

## LAW AND ANALYSIS

On March 30, 2004, Plaintiff DIRECTV filed the instant 12(b)(6) motion to dismiss. Defendant Johnson's response was due on April 19, 2004, and he failed to timely respond. Under the local rules, failure to respond will be taken as a representation of no opposition. S. D. TEX. LOCAL R. 7.4. However, the mere fact that no opposition is filed does not excuse the moving party from meeting its burden. *See, e.g., John v. La. Bd. of Trs. for State Colls. & Univs.*, 757 F.2d 698, 709 (5th Cir. 1985) (discussing summary judgment). Thus, the Court will determine whether DIRECTV is entitled to dismissal of Johnson's counterclaim.

A complaint may be dismissed for failure to state a claim upon which relief can be granted. FED. R. CIV. P. 12(b)(6). It must appear beyond doubt that the plaintiff is unable to prove any facts in support of his claim that would entitle him to relief. *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957). The complaint must be stated with sufficient clarity such that a court or an opposing party can determine what claims are alleged. *Elliott v. Foufas*, 867 F.2d 877, 880 (5th Cir. 1989). The allegations in plaintiff's complaint are taken as true, and the complaint is construed in a light most favorable to the plaintiff. *Brown v. Nationsbank Corp.*, 188 F.3d 579, 585-86 (5th Cir. 1999); *Oppenheimer v. Prudential Secs. Inc.*, 94 F.3d 189, 194 (5th Cir. 1996). However, conclusory allegations or legal conclusions masquerading as facts are not sufficient to overcome a motion to dismiss. *Taylor v. Books A Million, Inc.*, 296 F.3d

376, 378 (5th Cir. 2002); *see also Guidry v. Bank of LaPlace*, 954 F.2d 278, 281 (5th Cir. 1992) (stating conclusory allegations and unwarranted factual deductions are not taken as true). Conclusory allegations are those allegations for which no basis or evidentiary support are offered. *Okonkwo v. City of Garland,* No. 3:01-CV-1938, 2002 WL 432951, at *3 (N.D. Tex. Mar. 18, 2002). The district court examines the complaint to determine whether the allegations provide relief on any possible theory or claim. *Cinel v. Connick*, 15 F.3d 1338, 1341 (5th Cir. 1994).

Under Texas law, the elements for the tort of abuse of process are: (1) an illegal, improper, or perverted use of legal process; (2) the perverted process is used for an ulterior and improper motive; and (3) damages that are proximately caused by the perverted process. *Criep v. Sentry Ins.*, 49 F. Supp. 2d 954, 959 (S.D. Tex. 1999) (citing *J.C. Penney Co. v. Gilford,* 422 S.W.2d 25, 31 (Tex. Civ. App.– Houston [1st Dist.] 1967, writ ref'd n.r.e.)). However, "when the process is used for the purpose for which it is intended, even though accompanied by an ulterior motive, no abuse of process occurs." *Detenbeck v. Koester,* 886 S.W.2d 477, 480 (Tex. App.– Houston [1st Dist.] 1994, no writ).

In his counterclaim, Johnson asserts the following: DIRECTV served him with process; DIRECTV made "illegal, improper, or perverted use" of process; the plaintiff has an ulterior motive; an improper use occurred after the process was issued; and he has suffered damages as a result. The improper process alleged by Johnson apparently

3

stems from two sources. The first appears to be the citation issued by DIRECTV to Johnson. The second source is writs of seizure executed upon an individual not a party to this litigation.

Viewing the pleadings in a light most favorable to Johnson, the Court finds that Johnson's counterclaim should be dismissed. The assertions made by Johnson in his pleading do little more than recite the elements required for an abuse of process claim. *See, e.g., Criep*, 49 F. Supp. 2d at 959 (stating elements of claim for abuse of process). Johnson offers no factual allegations to support these elements. For example, Johnson claims the citation issued by DIRECTV is improper, but provides no basis for this assertion. In addition, Johnson points to the impropriety of the writs of seizure upon the third party, but fails to tie these improprieties to the case at bar. Finally, Johnson asserts ulterior motive, but fails to provide such motive. Therefore, the Court determines Johnson failed to set forth factual allegations that support a counterclaim for abuse of process. Accordingly, the Court hereby

ORDERS that Plaintiff DIRECTV Inc.'s Rule 12(b)(6) Motion to Dismiss Defendant David Johnson's Counterclaim for Abuse of Process (Document No. 26) is GRANTED.

SIGNED at Houston, Texas, on this __22__ day of September, 2004.

*[signature]*
DAVID HITTNER
United States District Judge